1
2
3
4
5
6
7
8           **UNITED STATES DISTRICT COURT**
9           **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| AMERICAN OPTOMETRIC SOCIETY, INC., | ) CASE NO.  CV10-03983-AHM (FFMx) ) |
| Plaintiff, | ) ) FINDINGS OF FACT AND ) CONCLUSIONS OF LAW |
| v. | ) ) |
| AMERICAN BOARD OF OPTOMETRY, INC., | ) ) ) |
| Defendant. | ) ) |

_____

This cause came to trial (non-jury) before the Court commencing on July 31, 2012 and continuing into August 2, 2012 on Plaintiff's ("AOS") sole remaining claim that Defendant's ("ABO") use of the term "board certified" or "board certification" (which terms are used interchangeably in this Memorandum and Order) violated the false advertising prong of Section 43(a) of the Lanham Act, 15 U.S.C. §1525. All other issues and claims have been dismissed or otherwise disposed of. At the conclusion of the AOS's evidence, counsel for the ABO made an oral Motion for Judgment at the Conclusion of Plaintiff's Evidence

pursuant to Rule 52(c) of the Federal Rules of Civil Procedure.[1]  For the reasons stated herein and contained in the trial transcript relating to the Court's consideration of the ABO's Rule 52(c) motion (which reasons the Court incorporates by reference) the ABO's Motion for Judgment at the Conclusion of Plaintiff's Evidence is granted.

To prevail on its false advertising claim, as the AOS stipulated in its pre-trial conference materials (Dkt. No. 169) and as established by case law, the AOS was required to prove the following elements: "(1) the ABO made a false statement of fact about its own product; (2) the statement was made in commercial advertising or promotion; (3) the statement actually deceived or had the tendency to deceive a substantial segment of its audience; (4) the deception was material in that it was likely to influence the purchasing decision; (5) the ABO caused its false statement to enter interstate commerce; and (6) the AOS or one or more of its members has been or is likely to be injured by the false statement." *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1052 (9th Cir. 2008).

The Court finds that the AOS failed to present evidence that would sustain its claim under the Lanham Act. In fact, in a number of instances, the AOS presented evidence that negated elements of its claim. At a minimum, the AOS did not meet its burden of proof with respect to the first, third, fourth and sixth elements. The AOS failed to submit sufficient evidence on the requisite elements of falsity, deception, materiality and injury.  As a matter of law, the AOS has

failed to prove that the ABO has violated the Lanham Act. The AOS is not entitled to any relief herein, including its requested injunctive relief.

---

[1] The Court notes that one of the ABO's expert witnesses, Dr. Henry Ostberg, was presented out of order for the convenience of the witness. The Court, in ruling on the ABO's Motion for Judgment, has not taken Dr. Ostberg's testimony into account.

1        THEREFORE, the Court grants the ABO's Motion for Judgment at the

2   Conclusion of Plaintiff's Evidence.

3

4        IT IS SO ORDERED.

5

6   Dated: August 23, 2012

7                                        _____
                                         A. HOWARD MATZ
                                         United States District Judge, Senior

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28