O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-03983 AHM (FFMx) | Date | December 3, 2012 |
|---|---|---|---|
| Title | AMERICAN OPTOMETRIC SOCIETY, INC. v. AMERICAN BOARD OF OPTOMETRY, INC. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiff:          Attorneys **NOT** Present for Defendant:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

Defendant American Board of Optometry ("ABO") seeks attorneys' fees of $462,508 from Plaintiff American Optometric Society ("AOS").[1]  After a bench trial, the Court granted judgment in favor of ABO on the remaining claim of AOS's First Amended Complaint ("FAC")—false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, for ABO's use of the term "board certified."  ABO seeks attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).  ABO's request for fees is limited to its work defending the FAC.  AOS makes no specific objections to the hours or rates billed by ABO's counsel or the overall amount requested, other than to assert that the amount is more than AOS's assets and would result in it filing for bankruptcy.  Opp. at 14.  The Court finds that the amount is reasonable.

## I.     ATTORNEYS' FEES UNDER THE LANHAM ACT

Section 35(a) of the Lanham Act states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  15 U.S.C. § 1117(a).[2]  Such an

---

[1] Dkt. 256.

[2] This provision is included at the end of a paragraph specifically providing for an award of fees to prevailing plaintiffs for violations under 15 U.S.C. § 1125(a), which includes false advertising claims, and the Ninth Circuit has applied the "prevailing party" provision in false advertising cases.  *See, e.g.*, *Classic Media, Inc. v. Mewborn*, 532 F.3d 978 (9th Cir. 2008); *Cairns v. Franklin Mint Co.*, 292 F.3d 1139 (9th Cir. 2002).  It is therefore clear that the attorneys' fees provision applies in false advertising cases, and neither party contends otherwise.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-03983 AHM (FFMx) | Date | December 3, 2012 |
|---|---|---|---|
| Title | AMERICAN OPTOMETRIC SOCIETY, INC. v. AMERICAN BOARD OF OPTOMETRY, INC. | | |

award is within the district court's discretion if the "exceptional case" requirement is met. *Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 825 (9th Cir. 1997). Although the Lanham Act "nowhere defines what makes a case 'exceptional,'" *id.*, the Ninth Circuit has "held that this requirement is met when the case is *either* 'groundless, unreasonable, vexatious, *or* pursued in bad faith.'" *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir. 2002) (emphasis in original). The "'exceptional circumstances' requirement [is construed] narrowly." *Classic Media, Inc. v. Mewborn*, 532 F.3d 978, 990 (9th Cir. 2008).

## II. WHAT CONSTITUTES AN EXCEPTIONAL CASE

The Ninth Circuit has stated that "[t]he line distinguishing exceptional cases from non-exceptional cases is far from clear. It is especially fuzzy where the *defendant* prevails due to plaintiff's failure of proof." *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677, 687 (9th Cir. 2012). It has "held that an action is exceptional under the Lanham Act if the plaintiff has no reasonable or legal basis to believe in success on the merits," or, "[i]n other words, exceptional cases include instances where plaintiff's case is frivolous or completely lacking in merit." *Id.* (citing *Cairns*, 292 F.3d at 1156).

Because the exceptional circumstances warranting attorneys' fees are disjunctive ("groundless, unreasonable, vexatious, *or* pursued in bad faith"), "the mere absence of bad faith on [the plaintiff's] part does not render [the defendant] ineligible for attorneys fees." *Stephen W. Boney*, 127 F.3d at 827. For instance, in *Cairns*, the court affirmed an award of attorneys' fees to the defendant where the district court, after granting summary judgment to the defendant, had found that the plaintiff's false advertisement claim was "groundless and unreasonable because the statements in the advertisements at issue were true and the [plaintiff] had no reasonable basis to believe they were false." *Cairns*, 292 F.3d at 1156. The district court had additionally found that the plaintiff's trademark dilution claim was "groundless and unreasonable because it had no legal basis, having been based on the 'absurd' and 'just short of frivolous' contention that the mark 'Diana, Princess of Wales" has taken on a secondary meaning in the mind of the public" as identifying charitable services rather than the individual. *Id.*

Later, in *Secalt*, the court also affirmed the award of attorneys' fees to the

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-03983 AHM (FFMx) | Date | December 3, 2012 |
|---|---|---|---|
| Title | AMERICAN OPTOMETRIC SOCIETY, INC. v. AMERICAN BOARD OF OPTOMETRY, INC. | | |

defendant, following summary judgment in the defendant's favor, where "there was an utter failure of proof" on the plaintiff's trade dress infringement claim, in particular, a lack of any evidence that the design of plaintiff's machine was nonfunctional. *Secalt*, 668 F.3d at 688-89. A number of factors supported the court's decision, including that the plaintiff "could not identify the aesthetic value of the exterior design," that its witnesses "at best offered unsupported or conclusory claims about the design," and that a district court in another jurisdiction had previously found no evidence to support the same claim. *Id.* at 688. The court further stated that "[f]atal to [plaintiff's] claim was the testimony of its own witnesses who honestly laid out the functional nature of the design." *Id.* The court noted that, even though the plaintiff had not prevailed on its claim, "were it able to provide some legitimate evidence of nonfunctionality, this case would likely fall on the unexceptional side of the dividing line." *Id.* Because it had not done so, the court affirmed the determination that this was an exceptional case meriting attorneys' fees.

Although it did not ultimately rest its decision on motive, the *Secalt* court also noted that whether a plaintiff has "an ulterior anti-competitive motive" could be a factor in the attorneys' fees analysis. *Id.* at 689 (stating that "the timing of [the plaintiff's] suit could be considered suspicious" (although recognizing that "such preemptive suits are not uncommon in intellectual property matters")); *see also Mennen Co. v. Gillette Co.*, 565 F. Supp. 648, 653-57 (S.D.N.Y. 1983) (awarding defendant attorneys' fees for Lanham Act claims where the plaintiff "failed completely" to show evidence of consumer confusion, the plaintiff's survey evidence was "fatally defective and untrustworthy," and there was "a substantial overtone in [the] case to warrant an inference that [the] suit was initiated as a competitive ploy").

In cases where the Ninth Circuit has affirmed the district court's denial of attorneys' fees based on a finding that the case was not exceptional, the key factor appears to be that the plaintiff "raised debatable issues" and had a legitimate reason for bringing the lawsuit. *See Applied Info. Science Corp. v. Ebay, Inc.*, 511 F.3d 966, 973 (9th Cir. 2007) (affirming denial of fees in trademark infringement action where district court found that the plaintiff had not acted capriciously and had not intended to harass the defendant or to bring a meritless case); *see also Mewborn*, 532 F.3d at 990-91 (affirming denial of fees for defending false advertising claim where district court found that the claim "involved close questions in an unsettled area of the law" and therefore was not

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-03983 AHM (FFMx) | Date | December 3, 2012 |
|---|---|---|---|
| Title | AMERICAN OPTOMETRIC SOCIETY, INC. v. AMERICAN BOARD OF OPTOMETRY, INC. | | |

"groundless or unreasonable").

In *Stephen W. Boney, Inc.*, the Ninth Circuit noted that although the prevailing defendant claimed that the plaintiff had filed the trademark infringement action to harass it, the plaintiff stated that his purpose was to preserve his right to use the name at issue and that "he did not intend to create hardship for or otherwise damage" the defendants. 127 F.3d at 827. The court stated that "[n]othing in the record persuades us that [the plaintiff's] purpose was other than this legitimate objective." *Id.* (further noting that the case "was not frivolous and raised debatable issues of law and fact"); *see also Sand Hill Advisors, LLC v. Sand Hill Advisors, LLC*, 2010 WL 8500520, at *4 (N.D. Cal. Sept. 20, 2010) (denying defendant's motion for attorneys' fees in service mark infringement case in part because the plaintiff's reason for bringing the lawsuit—to protect its goodwill—was "a legitimate one" and that just because the court ultimately rejected plaintiff's contentions did not make the claim frivolous).

### III. THE COURT'S FINDINGS SHOW THAT THIS IS AN EXCEPTIONAL CASE WARRANTING THE AWARD OF ATTORNEYS' FEES

#### A. Prevailing Party

AOS does not dispute that ABO is the prevailing party with respect to the Lanham Act false advertising claim or the state law claims on which ABO was granted summary judgment. *See* Dkt. 204. However, AOS contends that it was the prevailing party with respect to certain claims in the FAC because the Court issued an injunction prohibiting ABO from making six particular statements about board certification, and it argues that this should affect the court's discretionary determination about awarding fees. Opp. at 4, 6-7; Dkt. 112. The issuance of the injunction was based on ABO having previously agreed by consent decree, without admitting any liability, to have the Court enter such an injunction in an effort to end the lawsuit. Dkt. 96. The claims based on these six statements were not adjudicated on the merits. AOS is thus not a prevailing party in the sense that a Lanham Act violation was established, and its status with respect to the statements giving rise to the injunction does not affect ABO's prevailing party status for the purpose of its attorneys' fees motion.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-03983 AHM (FFMx) | Date | December 3, 2012 |
|---|---|---|---|
| Title | AMERICAN OPTOMETRIC SOCIETY, INC. v. AMERICAN BOARD OF OPTOMETRY, INC. | | |

**B.      Exceptional Case**

AOS argues that this is not an exceptional case because it survived summary judgment, showing that its claim was at least debatable and therefore not unreasonable or groundless. Opp. at 5-7. However, although AOS appears to be correct that ABO cites no case in which a defendant was awarded attorneys' fees where the plaintiff survived summary judgment but ultimately lost at trial, neither does AOS cite any authority stating that such a case cannot be considered exceptional. Courts have noted that "[a] case is not exceptional simply because the court granted summary judgment." *Sand Hill Advisors, LLC v. Sand Hill Advisors, LLC*, 2010 WL 8500520, at *3 (N.D. Cal. Sept. 20, 2010) (citing *Stephen W. Boney*, 127 F.3d at 827). Nevertheless, this case should not be deemed *unexceptional* simply because the Court did *not* grant summary judgment.

Moreover, although the Court did find that AOS had presented sufficient evidence to withstand summary judgment, ABO tellingly notes that certain evidence that undermined AOS's claim was not presented (by AOS itself) until later in the litigation. Such evidence included the preposterous testimony by AOS President Dr. Pamela Miller about the purported difference between the terms "board certified" and "certified by the board," as well as the AOS's endorsement of another organization's (the ABCO) "board certification" credential, both of which pieces of evidence had a significant impact on the Court's ultimate decision in finding for ABO.[3] Further, the Court's findings at the conclusion of the bench trial highlight what appears to be the Court's overall determination that AOS failed completely to present evidence in support of most elements of its claim.

In its findings of fact and conclusions of law, the Court found that the AOS failed to present evidence that would sustain its claim under the Lanham Act. In fact, in a number of instances, the AOS presented evidence that actually negated elements of its claim. At a minimum, the AOS did not meet its burden of proof with respect to the

---

[3] Additionally, although the AOS consumer survey conducted by Thomas Maronick was presented to the Court at the summary judgment stage, because the parties disputed its admissibility, the Court did not actually rely on the survey in its summary judgment decision. *See* Dkt. 204 at 13. The Court's later findings with respect to the survey's lack of reliability further support ABO's argument that the summary judgment decision is not an indicator that the lawsuit raised debatable issues.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-03983 AHM (FFMx) | Date | December 3, 2012 |
|---|---|---|---|
| Title | AMERICAN OPTOMETRIC SOCIETY, INC. v. AMERICAN BOARD OF OPTOMETRY, INC. | | |

elements of a false advertising claim requiring a false statement of fact, actual deception or a tendency to deceive, materiality, and injury. The Court also made the following findings from the bench:

- "From the point of view of the words themselves on the test of literal falsity, the indisputable answer is no." 8/2/12 Tr. at 581.

- "[I]t's fundamental to what I understood . . . was the nature of this case was the notion that to claim board certification, to say board certified, is itself the inherent falsity. *That defies both logic and it lacks total support in the evidence*." *Id.* at 582-83 (emphasis added).

- "The only two AOS members or optometrists who offered any such testimony [about injury] that I'm aware of, are Dr. Miller and Dr. Holt, and they didn't come close to establishing anything that was other than total speculation." *Id.* at 583-84.

- "[T]he evidence that I heard, and the observations I made in the trial, suggested that AOS got panicky even before ABO was formed – AOS was public, AOS was in the works to derail it. It may have had a right to do that. I'm not making a finding as to anything unlawful, but it was so quick to burst from the gate that it forgot the benefit of waiting to see what the impact of ABO would be, and absent the impact, AOS has totally failed to prove the required element of injury." *Id.*

- "Even the evidence of Dr. Maronick, *which was very flawed and incomplete and I think distorted*, was about a term, and the term was board certified. That is a term that is central to the credential, but it's not the credential. And I was told by the plaintiff that it's the credential that's causing actual confusion among consumers of eyecare, and *I'm not aware of one iota of evidence that establishes that*." *Id.* at 585 (first and third emphasis added).

- "[W]hat really got me upset, counsel, is that it was the purpose of the organization, and it was the functions of the organization, and it was who

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-03983 AHM (FFMx) | Date | December 3, 2012 |
|---|---|---|---|
| Title | AMERICAN OPTOMETRIC SOCIETY, INC. v. AMERICAN BOARD OF OPTOMETRY, INC. | | |

    attracted support from which faction within the optometry profession that was the battleground for this trial, not what was set forth in the proposed findings of fact." *Id.* at 586.

- "I want the record to reflect that my findings that there is a woeful shortage of evidence of falsity, must less confusion, much less injury and damage, were largely triggered right at the beginning by Dr. Miller's testimony. . . . Now, what Dr. Miller recalled and testified was the design of the ABCO was exactly what the plaintiff asked me to find was the design of the ABO. . . . [Y]et she is an adherent of ABCO and a claimed victim of ABO." *Id.* at 588, 590.

- "This hair splitting is not the stuff of which evidence is made . . . ." *Id.* at 590.

- "I think you can appreciate that this is really a dispute about turf battles and factions and nothing more . . . ." *Id.* at 603.

- "Now, if it's on – in the view of the designated representative of the AOS that someone acting on behalf of ABO or affiliated with ABO – let me put it more accurately – that someone who received a certificate from ABO could say, I am certified by the American Board of Optometry, but cannot say, I am board certified, then in my view *this case is about nothing*." *Id.* at 620 (emphasis added).

    ABO argues, and these findings by the Court bear out, that AOS could not have had a *reasonable* belief in success on the merits. Although in the abstract and based on the limited evidence presented at the summary judgment stage, the term "board certified" might have been false or misleading and could potentially have presented a debatable issue, there was significant evidence at trial that AOS's primary complaint was not with the use of the term, but with the use of the term by ABO, and also not with the concept of being certified by a board. This was evidenced by Dr. Miller's testimony and AOS's prior association with the ABCO.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-03983 AHM (FFMx) | Date | December 3, 2012 |
|---|---|---|---|
| Title | AMERICAN OPTOMETRIC SOCIETY, INC. v. AMERICAN BOARD OF OPTOMETRY, INC. | | |

Citing to an Eastern District of California case, AOS contends that a "failure to present evidence as to a basic element of a claim, without more, does not establish an 'exceptional case' to support an award of attorneys' fees." Opp. at 6 (citing *E&J Gallo v. Proximo Spirits, Inc.*, 2012 WL 3639110, at *4 (E.D. Cal. Aug. 23, 2012)). In *Gallo*, the court denied attorneys' fees to the plaintiff on the defendant's counterclaim. It distinguished the case before it from *Secalt* because although the defendant failed "to address an essential element of its trade dress counterclaims," it had "produced extensive argument and evidence to support its position regarding the other elements of [its] infringement claim," whereas in *Secalt*, the plaintiff "failed to present colorable claims of law and fact as to the entire trade dress." 2012 WL 3639110, at *5. Additionally, in concluding that the case fell on the "unexceptional side of the dividing line," the court noted that the defendant had not initiated the action and only brought its Lanham Act claim as a compulsory counterclaim. *Id.* at *6.

None of these circumstances is present here. As in *Secalt*, AOS completely failed to present evidence on the four (arguably) most important elements of its claim. (The other two elements, that the allegedly false statement was made in advertising and that it had entered interstate commerce were not in dispute and are far from the crux of a false advertising claim.) Additionally, AOS's own witnesses undermined its claims. *See Secalt*, 668 F.3d at 688. Even more than in *Cairns*, AOS's claim that there is a relevant distinction between "board certified" and "certified by the board" was absurd and frivolous. *See Cairns*, 292 F.3d at 1156; 8/2/12 Tr. at 620 ("[T]his case is about nothing."). Additionally, as in *Mennen*, AOS's survey evidence was flawed and the Court emphasized the evidence pointing to a political, anti-competitive motivation for initiating the action. *See Mennen Co.*, 565 F. Supp. at 657; *Secalt*, 668 F.3d at 689 (citing *Mennen* and noting that anti-competitive motive may be taken into account).

Unlike in *Stephen W. Boney*, AOS's attempt to proffer a legitimate objective for the suit only reinforces its questionable basis, given the lack of evidence of falsity: "AOS was acting at the request of its members to protect the interests of its members, whom even the Defendant's principals testified would, in their opinion, likely be at a competitive disadvantage if they were not board certified and their competitors were." Opp. at 11.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-03983 AHM (FFMx) | Date | December 3, 2012 |
|---|---|---|---|
| Title | AMERICAN OPTOMETRIC SOCIETY, INC. v. AMERICAN BOARD OF OPTOMETRY, INC. | | |

For these reasons, AOS's Lanham Act claim was groundless and unreasonable, and it is an exceptional case warranting an award of attorneys' fees to ABO as the prevailing party.

## IV. APPORTIONMENT

The Ninth Circuit has held that "as a general matter, a prevailing party in a case involving Lanham Act and non-Lanham Act claims can recover attorneys' fees only for work related to the Lanham Act claims." *Gracie v. Gracie*, 217 F.3d 1060, 1069 (9th Cir. 2000). However, "despite the general rule of apportionment, in a specific case apportionment might not be required if it is impossible to differentiate between work done on claims." *Id.* at 1069-70 (internal quotation marks omitted). "[T]he impossibility of making an *exact* apportionment does not relieve the district court of its duty to make *some* attempt to adjust the fee award in an effort to reflect an apportionment. In other words, apportionment or an attempt at apportionment is required unless the court finds the claims are so inextricably intertwined that even an estimated adjustment would be meaningless." *Id.* at 1070.

ABO argues that it is entitled to all of its fees even though the FAC included state law claims in addition to the Lanham Act claim because all of the claims arose from the same factual theory. Mot. at 21. As ABO notes, the Court previously recognized that "[i]n the Ninth Circuit, state law claims for false advertising are 'substantially congruent' to the Lanham Act and are therefore governed by the same legal standards." Order on Mot. to Dismiss at 2 (Dkt. 118) (citing *Cleary v. News Corp.*, 30 F.3d 1255, 1262-64 (9th Cir. 1994); *Walker & Zanger, Inc. v. Paragon Inds., Inc.*, 549 F. Supp. 2d 1168, 1182 (N.D. Cal. 2007)). AOS does not respond one way or the other to this aspect of ABO's request. Indeed, the Court noted in its order denying ABO's motion to dismiss all of AOS's false advertising claims that the parties did not dispute the overlapping nature of the claims and thus focused exclusively on the legal standards for false advertising under the Lanham Act. Order on Mot. to Dismiss at 2.

Ultimately, the Court granted summary judgment against AOS on its state law claims on standing grounds. Order on Def.'s Mot. for Summary Judgment at 6 (Dkt. 204). Because the state law and Lanham Act claims are governed by the same legal

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-03983 AHM (FFMx) | Date | December 3, 2012 |
|---|---|---|---|
| Title | AMERICAN OPTOMETRIC SOCIETY, INC. v. AMERICAN BOARD OF OPTOMETRY, INC. | | |

standard and were based on the same factual theory—as evidenced by the parties' focus only on the Lanham Act standards—and because AOS does not dispute that the claims are intertwined, ABO is entitled to an award of all of its fees. *See Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 616 (9th Cir. 2010) (holding that district court "did not err not segregating the award by claim" where court found that claims without independent basis for fee award were "inexorably intertwined" with others, including Lanham Act claim).

## V.     CONCLUSION

For the foregoing reasons, the Court awards ABO $462,508 in attorneys' fees.

No hearing is necessary. Fed. R. Civ. P. 78; L.R. 7-15.

_____ : _____<br>Initials of Preparer   SMO